1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   GUARDIAN ALLIANCE TECHNOLOGIES,        No. 2:22-cv-01390 WBS AC
     INC., a California corporation;
13
                    Plaintiff,
14                                          ORDER STAYING CASE
          v.
15
     MILLER MENDEL, INC., a
16   Washington corporation; and
     TYLER MILLER, an individual,
17
                    Defendants.
18

19
                            ----oo0oo----
20
             Plaintiff Guardian Alliance Technologies, Inc.
21
     ("Guardian") brought this action against Miller Mendel, Inc. and
22
     Tyler Miller seeking various forms of declaratory relief that two
23
     of defendants' patents are invalid, as well as asserting claims
24
     for violations of § 2 of the Sherman Act, 15 U.S.C § 2, and
25
     various California state law claims.  (Docket No. 1.)  Before the
26
     court are defendants' motion to strike plaintiff's state law
27
     claims pursuant to California's Anti-SLAPP statute, Cal. Civil
28
                                  1

1 Code § 425.16, (Docket No. 11) and defendants' motion to dismiss

2 plaintiff's complaint in its entirety (Docket No. 12).

3 I.   Factual and Procedural History

4        Plaintiff is a California-based company that creates

5 and sells access to software for managing employee background

6 checks, primarily for government organizations and law

7 enforcement agencies.  (Compl. ¶¶ 4, 28.)  Defendant Miller

8 Mendel is a Seattle-based company that creates and sells access

9 to similar software.  (Id. ¶¶ 5, 28.)  Defendant Tyler Miller is

10 the founder and sole owner of Miller Mendel.  (Rylander Decl. ¶4,

11 Ex. A (Docket No. 15).)

12        In April 2011, Tyler Miller ("Miller") filed a

13 provisional patent application with the U.S. Patent and Trademark

14 Office, U.S. Patent Application No. 61/472,556, covering public

15 safety background investigation management software.  (Compl. ¶¶

16 48-49.)  In April 2012, Miller filed a non-provisional patent

17 application claiming priority to the provisional patent

18 application.  (Id. ¶ 53.)  On June 30, 2015, Miller was issued

19 U.S. Patent No. 9,070,098 (the "'098 Patent").  (Id. ¶ 55.)  In

20 May 2015, Miller filed another non-provisional patent

21 application, resulting in the issuance of U.S. Patent No.

22 10,043,188 (the "'188 Patent") on August 7, 2018.  (Id. ¶¶ 56,

23 58.)  Miller licensed both patents to Miller Mendel.  (Id. ¶ 59.)

24        Defendants have filed several lawsuits in different

25 district courts alleging that plaintiff's customers infringe the

26 '188 Patent through use of plaintiff's platform.[1]  In October

27 _____

28 [1]   Defendants have not sued plaintiff directly for patent
infringement.  They have only sued plaintiff's customers.

2

1   2018, both defendants sued the City of Oklahoma City, Oklahoma in

2   the Western District of Oklahoma (the "Oklahoma Action").[2]  See

3   Case No. 5:18-cv-00990 JD (W.D. Okla.).  In February 2021, Miller

4   Mendel sued Washington County, Oregon and the Washington County

5   Sheriff's Office in the District of Oregon (the "Oregon Action").

6   See Case No. 3:21-cv-00168 SB (D. Ore.).  In May 2021, defendants

7   sued Alaska State Troopers and James E. Cockrell, the

8   Commissioner of the State of Alaska Department of Public Safety,

9   in the District of Alaska (the "Alaska Action").  See Case No.

10  3:21-cv-00129 (D. Alaska).  Both the Oregon Action and the Alaska

11  Action were stayed under the first-to-file rule because of the

12  earlier-filed Oklahoma Action.  In December 2021, Miller Mendel

13  sued the City of Anna, Texas in the Eastern District of Texas

14  (the "Texas Action").  See Case No. 2:21-cv-00445 JRG (E.D. Tex.).

15          As of the date of this order, both the Oklahoma Action

16  and the Texas Action are ongoing.  The Oklahoma Action remains

17  pending in the Western District of Oklahoma.  In the Texas

18  Action, cross appeals were filed to the Federal Circuit following

19  the district court's orders granting defendant City of Anna's

20  motion for judgment on the pleadings and invalidated the '188

21  Patent,[3] Miller Mendel, Inc. v. City of Anna, Tex., No. 2:21-cv-

22  _____

23      [2]   In October 2019, Guardian (as a non-party in the
    Oklahoma Action) filed a petition with the Patent Trial and
24  Appeal Board ("PTAB") for inter partes review of the validity of
    the '188 Patent, IPR2020-00031.  (Compl. ¶ 119, Ex. 30.)  The
25  PTAB denied review on March 26, 2020.  (Id.)

26      [3]   Judge Gilstrap found the '188 Patent ineligible for
27  patent protection under 35 U.S.C. § 101.  Miller Mendel, Inc. v.
    City of Anna, Tex., No. 2:21-cv-00445 JRG, 2022 WL 1437686, at
28  *10 (E.D. Tex. Apr. 14, 2022).  On May 2, 2022, Miller Mendel

1  00445 JRG, 2022 WL 1437686, at *10 (E.D. Tex. Apr. 14, 2022), and

2  denying the city's motion for attorneys' fees,[4] id., 2022 WL

3  2704790, at *6 (E.D. Tex. June 13, 2022).  The appeals were

4  consolidated and are still pending.  See Miller Mendel, Inc. v.

5  City of Anna, Tex., No. 22-1753 (Fed. Cir.) (associated with Case

6  No. 22-1999).

7  II.  Discussion

8        The first-to-file rule is "a generally recognized

9  doctrine of federal comity . . . ." Pacesetter Sys. Inc. v.

10  Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  The rule

11  allows a district court to stay, transfer, or dismiss proceedings

12  where a similar case was previously filed in another district

13  court.  See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.,

14  787 F.3d 1237, 1239 (9th Cir. 2015).  "When applying the first-

15  to-file rule, courts should be driven to maximize 'economy,

16  consistency, and comity.'"  Kohn, 787 F.3d at 1240 (quoting Cadle

17  Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir.

18  1999)); see also Pacesetter, 678 F.2d at 95 (explaining that the

19  first-to-file rule "is not a rigid or inflexible rule to be

20  mechanically applied, but rather is to be applied with a view to

---

21
22  appealed the decision to the Federal Circuit.  See Miller Mendel,
    Inc. v. City of Anna, Tex., Case No. 22-1753 (Fed. Cir.).

23        [4]   Judge Gilstrap denied the motion for attorneys' fees on
24  the ground that "finding the '188 Patent ineligibl[e] at the
    12(c) stage" does not mean Miller Mendel's arguments to the
    contrary were "frivolous or objectively unreasonable."  Id., 2022
25  WL 2704790, at *6 (E.D. Tex. June 13, 2022).  Furthermore,
    "Miller Mendel was entitled to believe that the '188 Patent was
26  valid after it was examined and allowed by the [U.S. Patent and
    Trademark Office]."  Id.  On July 8, 2022, the City of Anna
27  appealed the decision to the Federal Circuit.  See Miller Mendel,
    Inc. v. City of Anna, Tex., No. 22-1999 (Fed. Cir.).  That appeal
28  is still pending.

4

1 | the dictates of sound judicial administration").

2 |    The first-to-file rule requires analysis of three
3 | factors: (1) chronology of the lawsuits; (2) similarity of the
4 | parties; and (3) similarity of the issues. Kohn, 787 F.3d at
5 | 1240 (citing Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d
6 | 622, 625 (9th Cir. 1991)). The first-to-file rule does not
7 | require that the identities of the parties be identical, but
8 | rather "requires only substantial similarity of the parties."
9 | Id. (citation omitted). Likewise, "[t]he issues in both cases
10 | also need not be identical, only substantially similar." Id.

11 |    Here, the court need not analyze the issue of
12 | chronology because plaintiff does not argue that the present case
13 | was filed first. Tyler Miller and/or Miller Mendel is a party in
14 | the present case as well as the Texas Action and Oklahoma Action.
15 | While plaintiff in the present case is not a named party in
16 | either the Oklahoma Action or the Texas Action, plaintiff was
17 | contractually obligated to indemnify the City of Oklahoma City
18 | and the City of Anna against Miller Mendel's patent infringement
19 | claims. (Compl. ¶¶ 99, 103.) As a result, plaintiff has funded
20 | the entirety of the defense in both the Oklahoma Action and Texas
21 | Action. Because the parties in the present case are all heavily
22 | involved in the previously filed cases, the court finds the
23 | parties are substantially similar. See Kohn, 787 F.3d at 1240
24 | (finding the parties were substantially similar even though the
25 | defendant in one case was not a named party in the other case).
26 | In finding that the first-to-file rule applied even though a
27 | defendant in the first action was not named in the second action,
28 | the court in Kohn explained that "a contrary holding could allow

a party . . . to skirt the first-to-file rule by omitting one party from a second lawsuit. . . ."  Kohn, 787 F.3d at 1240. Similarly, here, defendants' choice to sue only plaintiff's customers for patent infringement, rather than sue plaintiff directly, should not render the first-to-file rule inapplicable.

"To determine whether two suits involve substantially similar issues, [the court] look[s] at whether there is 'substantial overlap' between the two suits."  Id., 787 F.3d at 1241 (citation omitted).  Here, the central questions in both the present case and the previously filed cases are the validity and enforceability of the '098 and '188 Patents.  Plaintiff's four claims for declaratory relief ask this court to find the '098 and '188 Patents invalid and unenforceable.  (Compl. ¶¶ 128-145.) "[P]ermitting multiple litigations of these identical claims could serve no purpose of judicial administration, and the risk of conflicting determinations as to the patents' validity and enforceability [is] clear."  See Pacesetter, 678 F.2d at 96. Furthermore, plaintiff's two Sherman Act claims are at least in part based on defendants' patent infringement lawsuits, which seek to enforce the same patents that plaintiff claims are invalid and unenforceable.  (Id. ¶¶ 146-159.)  As such, six of plaintiff's eleven claims involve the validity and enforceability of the patents and thus there is "substantial overlap" between the cases.  Kohn, 787 F.3d at 1241 (finding similar issues where both cases involved claims to the same funds).

Defendants contend that dismissal is warranted because plaintiff "may file its claims in the Oklahoma action to the

extent necessary."[5]   (See Mot. to Dismiss at 2).   The existence

of plaintiff's state law claims, however, counsel against

outright dismissal.   Were another district court to find the

patents invalid or otherwise dismiss defendants' patent

enforcement action, plaintiff would have to file a new suit in

California and could risk encountering statute of limitation

problems.   See Alltrade, 946 F.2d at 629 (citing Asset Allocation

& Mgt. v. Western Employers Ins., 892 F.2d 566, 571 (7th Cir.

1989) ("Granted, the statute of limitations problems may not be

serious . . . .   But why take chances?   It is simpler just to

stay the [later] suit".))   Accordingly, because the central

issues in the present case--the validity and enforceability of

defendants' patents--are the same as the previously filed cases,

the court finds the first-to-file rule is applicable to the

present case and warrants a stay.

        IT IS THEREFORE ORDERED that defendants' motion to

strike (Docket No. 11) and motion to dismiss (Docket No. 12), be

and hereby are, DENIED without prejudice, and the hearing on

those motions set for January 9, 2023, and any other deadlines in

this case, are hereby VACATED;

        AND IT IS FURTHER ORDERED that all proceedings in this

case are hereby STAYED pending final adjudication of the validity

of the '098 and '188 Patents by the Federal Circuit.   The parties

---

        [5]   Plaintiff argues that the first-to-file rule is not
applicable here because of various issues it identifies with
transferring the case to the Western District of Oklahoma.   (See
Opp'n to Mot. to Dismiss at 9 (Docket No. 30).)   However, the
court need not address plaintiff's concerns because the court is
staying the case, not transferring it.

1    shall file a joint status report within fourteen days after all

2    proceedings in the Federal Circuit regarding the '098 and '188

3    Patents have concluded.

4    Dated:   December 7, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8