**BOUTIN JONES INC.**
Robert D. Swanson (CA Bar No. 162816)
Daniel S. Stouder (CA Bar No. 226753)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444/F: (916) 441-7597
Email: rswanson@boutinjones.com
       dstouder@boutinjones.com

**DUNLAP CODDING PC**
Douglas J. Sorocco (*Pro Hac Vice*)
609 West Sheridan Avenue
Oklahoma City, OK 73102
T: (405) 607-8600/F: (405) 607-8686
Email: dsorocco@dunlapcodding.com
etalley@dunlapcodding.com

**RYAN WHALEY PLLC**
Evan W. Talley (*Pro Hac Vice*)
400 N. Walnut Ave.
Oklahoma City, OK 73104
T: (405) 239-6040/F
Email: etalley@ryanwhaley.com

**Attorneys for Plaintiffs,
GUARDIAN ALLIANCE TECHNOLOGIES, INC.**

BUCHALTER
A Professional Corporation
Joshua M. Robbins (SBN: 270553)
18400 Von Karman, Ste. 800
Irvine, CA 92612
(949) 224-6284
jrobbins@buchalter.com

Robert S. McWhorter (SBN: 226186)
Jarrett S. Osborne-Revis (SBN: 289193)
500 Capitol Mall, Ste. 1900
Sacramento, CA 95814
(916) 899-1099
rmcwhorter@buchalter.com
josbornerevis@buchalter.com

RYLANDER & ASSOCIATES PC
Kurt M. Rylander (WA BAR: 27819) (Pro Hac Vice)
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931
rylander@rylanderlaw.com

Attorneys for Defendants,
MILLER MENDEL, INC. AND
TYLER MILLER

1

**JOINT STATUS REPORT**

**CASE NO. 2:22-CV-01390-WBS-AC**

| | |
|---|---|
| **GUARDIAN ALLIANCE TECHNOLOGIES, INC.**,<br><br>Plaintiff,<br><br>vs.<br><br>**MILLER MENDEL, INC.** and **TYLER MILLER**,<br><br>Defendants. | CASE NO. 2:22-cv-01390-WBS-AC<br><br>**JOINT STATUS REPORT** |

Under the Court's December 8, 2022 Order, Plaintiff Guardian Alliance Technologies, Inc. and Defendants Miller Mendel, Inc. and Tyler Miller (collectively, with Plaintiff "Parties") hereby submit the following joint status report.

On August 5, 2022, Guardian filed suit against Miller Mendel and Tyler Miller in the Eastern District of California, Sacramento Division, cause number 2:22-cv-01390-MCE-AC on the main premise that the defendants had obtained a patent portfolio by committing fraud on the U.S. Patent & Trademark Office and engaged in anti-competitive acts enforcing the patents against existing or potential customers of Plaintiff. Plaintiff asserted the following causes of action: (1) declaration of unenforceability of the '098 Patent for inequitable conduct; (2) declaration of unenforceability of the '188 Patent for inequitable conduct; (3) declaration of invalidity of the '098 Patent under 35 USC §§ 101, 102, 103, and 112; (4) declaration of invalidity of the '188 Patent under 35 USC §§ 101, 102, 103, and 112; (5) *Walker Process* Attempted Monopolization in violation of Section 2 of the Sherman Act, 15 USC Section 2; (6) *Handgards* Attempted Monopolization in violation of Section 2 of the Sherman Act, 15 USC Section 2; (7) California Unfair Competition, CBPC Sectio 17200; (8) California False Advertising, CBPC Section 17500; (9) Tortious Interference with Contract; (10) Tortious Interference with Prospective Advantage; and (11) Trade Libel.

On October 11, 2022, Defendants filed an Anti-SLAPP Motion to Strike under California Code of Civil Procedure 425.16 (Dkt 11) and Motion to Dismiss (Dkt 12). Defendants asserted, among other things, that Guardian's state law claims arise from protective activity and have no reasonable probability of success. Defendants highlighted that the acts asserted by Plaintiff are covered by California litigation privilege, federal patent privilege, and that the *Noerr-Pennington* doctrine protected Miller Mendel's petitioning activity in defending Miller Mendel's patents. Defendants pointed out that the "customers" and "potential customers" of Defendant are governmental bodies, communications with whom are protected by First Amendment.

Guardian filed oppositions to these motions on November 15, 2022. (Dkts 28, 30), responding that Guardian's state law claims are exempted from Section 425.16 because Defendants' complained-of acts are commercial speech, Guardian's state claims do not arise from Defendants' arguably protected speech, and that Guardian has a probability of prevailing on all of the challenged claims. *Id.* Prior to Defendants time for Reply, the Court entered a Stay of the Case (Dkt 34) pending final adjudication of the validity of the '188 Patent by the Federal Circuit in the case titled Miller Mendel, Inc. v. City of Anna, Texas.

Prior to Guardian commencing this action, Miller Mendel had filed suit against the City of Anna, Texas, for patent infringement on December 2, 2021. Miller Mendel, Inc. v. City of Anna, Texas, E.D. Texas Case No. 2:21-cv-00445-JRG ("Anna Case"), Dkt 1. The City of Anna, Texas, was indemnified by Guardian Alliance Technologies, Inc. and represented by Guardian's attorney, Evan Talley, who represents Guardian in the present case.

On April 14, 2022, Judge Gilstrap ruled that the claims of the '188 Patent asserted by Miller Mendel in the Anna Case were invalid as directed to an abstract idea and thus were not patentable subject matter. (Anna Case, Dkt 41). Judge Gilstrap confirmed that decision after reconsideration and clarified that his decision only addressed three of the fifteen claims of the '188 Patent, Claims 1, 5, and 15. (Anna Case, Dkt. 61). Judge Gilstrap also denied the City of Anna's motion for attorneys fees, ruling that the case was not an exceptional case. (Anna Case, Dkt. 62). Miller Mendel notes that Judge Gilstrap noted that despite his ruling that Claims 1, 5, and 15 were directed to an abstract idea, that "Miller Mendel was entitled to believe that the '188

Patent was valid after it was examined and allowed by the USPTO. Miller Mendel was thereafter free to sue GAT, or in this case, GAT's customers, for infringement of the same if Miller Mendel believed them to be infringing. … The City's claim that Miller Mendel should have sued GAT rather than its customers flies in the face of any plaintiff's right to select and sue any alleged infringer, where a reasonably clear claim of infringement can be put forward." Anna Case, Dkt 62, p. 12.

Both Miller Mendel and the City of Anna, Texas, appealed to the Federal Circuit, Docket Nos. 2022-1753, 2022-1999. On July 18, 2024, the Federal Circuit affirmed Judge Gilstrap's judgment on all issues, and on November 25, 2024, the Supreme Court denied Miller Mendel's petition for writ of certiorari. Accordingly, the stay in this case should be lifted.

In the Order to stay, (Dkt 34), the Court referenced that the stay was pending final adjudication of the validity of the '098 Patent and the '188 Patent. The Parties note that the validity of the '098 Patent was never an issue the Anna Case because it was not asserted in that case (or any of the related patent infrgement actions brought by Miller Mendel) and has never been ruled invalid. All claims of the '098 Patent remain valid. Miller Mendel further notes that Claims 2-4, 6-14 of the '188 Patent remain valid. Guardian's cross appeal to the Federal Circuit sought a determination that those claims were also invalid, and the Federal Circuit affirmed the Eastern District of Texas's ruling that, as those claims were not explicity asserted in the Anna Case, the court did not have jurisdiction to invalidate them.

DATED: December 9, 2024

**BOUTIN JONES INC.**
Attorneys at Law

Robert D. Swanson
Daniel P. Stouder

And

**DUNLAP CODDING PC**
**Attorneys at Law**

Douglas J. Sorocco

And

**RYAN WHALEY PLLC**
**Attorneys at Law**

By:    */s/ Evan W. Talley*
       Evan W. Talley
       Attorneys for Plaintiff,
       Guardian Alliance Technologies, Inc.

DATED: December 9, 2024

**BUCHALTER**
A Professional Corporation

By:    */s/ Robert S. McWhorter*
       Robert S. McWhorter
       Joshua M. Robbins
       Jarrett Osborne-Revis
       Attorneys for Defendants,
       Miller Mendel, Inc. and Tyler Mendel