**BOUTIN JONES INC.**
Robert D. Swanson (CA Bar No. 162816)
Daniel S. Stouder (CA Bar No. 226753)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444/F: (916) 441-7597
Email: rswanson@boutinjones.com
         dstouder@boutinjones.com

**DUNLAP CODDING PC**
Douglas J. Sorocco (*Pro Hac Vice*)
609 West Sheridan Avenue
Oklahoma City, OK 73102
T: (405) 607-8600/F: (405) 607-8686
Email: dsorocco@dunlapcodding.com

**RYAN WHALEY PLLC**
Evan W. Talley (*Pro Hac Vice*)
400 N. Walnut Ave.
Oklahoma City, OK 73104
T: (405) 239-6040/F
Email: etalley@ryanwhaley.com

**Attorneys for Plaintiffs,**
**GUARDIAN ALLIANCE TECHNOLOGIES, INC.**

BUCHALTER
A Professional Corporation
Joshua M. Robbins (SBN: 270553)
18400 Von Karman, Ste. 800
Irvine, CA 92612
(949) 224-6284
Email: jrobbins@buchalter.com

Robert S. McWhorter (SBN: 226186)
Jarrett S. Osborne-Revis (SBN: 289193)
500 Capitol Mall, Ste. 1900
Sacramento, CA 95814
(916) 899-1099
Email: rmcwhorter@buchalter.com
         josbornerevis@buchalter.com

RYLANDER & ASSOCIATES PC
Kurt M. Rylander (WA BAR: 27819) (Pro Hac Vice)
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931
Emil: rylander@rylanderlaw.com

**Attorneys for Defendants,**
**MILLER MENDEL, INC. AND TYLER MILLER**

1

JOINT STATUS REPORT    CASE NO. 2:22-CV-01390-WBS-AC
BN 73794839v4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **GUARDIAN ALLIANCE TECHNOLOGIES, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **MILLER MENDEL, INC.** and **TYLER MILLER**, <br><br> Defendants. | CASE NO. 2:22-cv-01390-WBS-AC <br><br> **JOINT STATUS REPORT** |

Pursuant to the Court's December 11, 2024 Order (Dkt. 36), Plaintiff Guardian Alliance Technologies, Inc. and Defendants Miller Mendel, Inc. and Tyler Miller (collectively, with Plaintiff, the "Parties") hereby submit the following joint status report.

On December 9, 2024, pursuant to the Court's Order staying the case (Dkt. 34), the Parties filed a joint status report notifying the Court of developments in related cases since the Court's staying of this case. (Dkt. 35). On December 11, 2024, the Court lifted the stay, ordered a status conference for February 24, 2025, and further ordered the Parties to file a joint status report in advance of the status conference. (Dkt. 36). Per the Court's instruction, this status report is to advise the Court whether Defendants intend to renew their motions to dismiss/strike; whether the Court should issue a pretrial scheduling order; if so, what dates the Parties desire and other information required under Fed. R. Civ. P. 26(f); whether the parties wish the Court to refer the matter for settlement discussions through the Court's Voluntary Dispute Resolution Program or a settlement conference with a Magistrate Judge; and any other matter of which the Parties think the Court should be informed.

Regarding Defendants' motion to dismiss Plaintiff's complaint and motion to strike Plaintiff's state law claims under California's Anti-SLAP statute (collectively, the "Motions"), Defendants intend to renew their Motions. The Parties propose the Court hear the Motions on

April 28, 2025 at 1:30 p.m. and accept the following briefing schedule based on the proposed hearing date:

1. By March 7, 2025, Defendants will file and serve their Motions and supporting papers.
2. By April 7, 2025, Plaintiffs will file and serve their opposition papers to the Motions.
3. By April 24, 2025, Defendants will file and serve their reply papers to the Motions.

Regarding whether the Court should enter a pretrial scheduling order, Defendants propose the Court not enter the order until after the Court rules on Defendants' Motions. Regarding referral to the Voluntary Dispute Resolution Program or a settlement conference with a Magistrate, the Parties advise the Court that they are agreeable to the referral of this case to either the VDRP or a settlement conference with a Magistrate. On January 3, 2025, the Parties advised the Court in the related case in the Western District of Oklahoma that they are agreeable to referral to a magistrate judge for a settlement conference. That Court has not yet referred the case for a judicial settlement conference, but if it does, there is no need also to have this case referred to the VDRP or a magistrate judge. If the Oklahoma Court does refer that case for a settlement conference, the Parties will immediately update the Court of such action and take whatever further steps are necessary at that time.

The Parties further advise the Court that all of the other related cases between the Parties (including those brought against GAT's indemnitees) have been dismissed, except for the above-referenced action in the Western District of Oklahoma. There, Defendants are presently seeking removal or dismissal of their patent infringement claims against GAT's indemnitee, the City of Oklahoma City. Still, Defendants' claims against GAT for defamation and declaratory judgment of no inequitable conduct/patent fraud remain. In addition to requesting a judicial settlement conference in that case, GAT has also advised the Court of its intention to seek transfer of that action to this Court, which Defendants have indicated they will oppose.

| | |
|---|---|
| DATED:  January 24, 2025 | **BOUTIN JONES INC.**<br>Attorneys at Law<br><br>Robert D. Swanson<br>Daniel P. Stouder<br><br>And<br><br>**DUNLAP CODDING PC**<br>**Attorneys at Law**<br><br>Douglas J. Sorocco<br><br>And<br><br>**RYAN WHALEY PLLC**<br>**Attorneys at Law**<br><br>By:   _/s/ Evan W. Talley_<br>        Evan W. Talley<br>        Attorneys for Plaintiff,<br>        Guardian Alliance Technologies, Inc. |
| DATED:  January 24, 2025 | **BUCHALTER**<br>A Professional Corporation<br>By:   _/s/ Robert S. McWhorter_<br>        Robert S. McWhorter<br>        Joshua M. Robbins<br>        Jarrett Osborne-Revis<br>        Attorneys for Defendants,<br>        Miller Mendel, Inc. and Tyler Mendel |