UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GUARDIAN ALLIANCE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILLER MENDEL, INC. and TYLER MILLER, <br><br> Defendants. | No. 2:22-cv-01390 WBS AC <br><br> MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO TRANSFER VENUE |

----oo0oo----

Plaintiff Guardian Alliance Technologies, Inc. ("Guardian") brought this action against defendants Miller Mendel, Inc. and Tyler Miller (collectively, "Miller Mendel"), seeking declarations that two of defendants' patents are invalid, asserting claims under the Sherman Antitrust Act, 15 U.S.C § 2, and alleging various violations of California state law.  (First Am. Compl. (Docket No. 51).)  Before the court is Miller Mendel's motion to transfer venue.  (Docket No. 54.)

This action concerns several patents for pre-employment

1

1  background check software filed by Miller Mendel.  The court does
2  not recite the facts and procedural history as it has done so in
3  a prior order.  (See Docket No. 48.)
4       As relevant here, in October 2018, Miller Mendel sued
5  the City of Oklahoma City in the Western District of Oklahoma
6  (the "Oklahoma Action").  See Case No. 5:18-cv-00990 (W.D.
7  Okla.).  Guardian, the indemnitor of the City of Oklahoma City,
8  was later added as a defendant.  (See Oklahoma Action, Docket
9  Nos. 104, 150.)  That action remains pending.
10       Miller Mendel seeks to transfer venue to the Western
11 District of Oklahoma pursuant to the first-to-file rule.  The
12 first-to-file rule is "a judicially created doctrine of federal
13 comity, which applies when two cases involving substantially
14 similar issues and parties have been filed in different
15 districts."  In re Bozic, 888 F.3d 1048, 1051 (9th Cir. 2018)
16 (internal quotation marks and citations omitted).  "Under that
17 rule, the second district court has the discretion to transfer,
18 stay, or dismiss the second case in the interest of efficiency
19 and judicial economy."  Id. at 1051-52 (internal quotation marks
20 and citation omitted).
21      To determine whether to apply the rule, a district
22 court considers three factors: "chronology of the lawsuits,
23 similarity of the parties, and similarity of the issues."  Kohn
24 Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237,
25 1240 (9th Cir. 2015).  "When applying the first-to-file rule,
26 courts should be driven to maximize 'economy, consistency, and
27 comity.'"  Id. (quoting Cadle Co. v. Whataburger of Alice, Inc.,
28 174 F.3d 599, 604 (5th Cir. 1999)).

1            The first-to-file rule "is not a rigid or inflexible
2 rule to be mechanically applied, but rather is to be applied with
3 a view to the dictates of sound judicial administration."
4 Pacesetter Sys. Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th
5 Cir. 1982).  "District court judges can, in the exercise of their
6 discretion, dispense with the first-filed principle for reasons
7 of equity."  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d
8 622, 628 (9th Cir. 1991).  "The circumstances under which an
9 exception to the first-to-file rule typically will be made
10 include bad faith, anticipatory suit, and forum shopping."  Id.
11            The Oklahoma Action was filed in 2018, four years prior
12 to the instant action.  However, little has occurred in that
13 case, and no claims have been disposed of or the merits otherwise
14 ruled upon.  Cf. Lovell v. United Airlines, Inc., 728 F. Supp. 2d
15 1096, 1102 (D. Haw. 2010) (applying first-to-file rule and noting
16 that trial was set to begin in first filed action, while a
17 scheduling conference had not yet occurred in second filed
18 action).  Specifically, only two events of note have occurred in
19 the Oklahoma Action.  First, the court denied Guardian's motion
20 to dismiss Miller Mendel's defamation claim.  (See Oklahoma
21 Action, Docket No. 137.)  Second, the parties submitted briefs
22 concerning claim construction, although no hearing has been set
23 on those briefs.  (See id., Docket Nos. 117, 119, 121.)
24            The same parties are involved in the two actions.  In
25 the Oklahoma Action, both Miller Mendel, Inc. and Tyler Miller
26 are plaintiffs, and Guardian is a defendant.  (See Oklahoma
27 Action, Docket No. 150.)  Here, Miller Mendel, Inc. and Tyler
28

3

1  Miller are the defendants, while Guardian is the plaintiff.[1]

2  There is "substantial overlap" between Miller Mendel's
3  claim in the Oklahoma Action, seeking a declaration that Miller
4  Mendel did not engage in patent fraud or inequitable conduct, and
5  Guardian's first and second claims in this action, which also
6  concern alleged fraud or inequitable conduct by Miller Mendel
7  with respect to one of the same patents.  See Kohn Law Grp., 787
8  F.3d at 1241.  However, in this action, Guardian also seeks
9  declarations that the patents at issue are invalid; brings claims
10 under the Sherman Antitrust Act; and alleges violations of
11 California law, including tortious interfere, unfair competition,
12 and trade libel.  (See First. Am. Compl. ¶¶ 147-205.)

13 Guardian did not initially raise these issues in its
14 response to the complaint in the Oklahoma Action for good reason.
15 Guardian's first responsive pleading in that action was its
16 motion to dismiss, which remained pending for four years prior to
17 a decision.  (See Oklahoma Action, Docket No. 112, 137.)  Thus,
18 Guardian did not have the opportunity to file an answer or
19 counterclaim in the Oklahoma Action raising the issues that are
20 before this court until that motion to dismiss had been
21 adjudicated.

22 Based on the foregoing, the three factors considered

---

[1] The court notes that none of the parties in this action are based in Oklahoma. (See First Am. Compl. ¶¶ 4-6.)  It therefore does not appear that the Western District of Oklahoma would be more convenient for either side, nor does Miller Mendel argue that Oklahoma is more convenient for any witnesses. See Pacesetter, 678 F.2d at 96 ("In appropriate cases it would be relevant for the court in the second-filed action to give consideration to the convenience of the parties and witnesses" in determining whether to apply the first-to-file rule.)

4

under the first-to-file rule do not strongly weigh in favor of transfer. Although the parties are the same, nothing of consequence has occurred in the Oklahoma Action despite its earlier date of filing, and this case presents several legal and factual issues that are not involved in the Oklahoma Action.

More importantly, prior to making the pending motion to transfer out of this court, Miller Mendel chose to file complex motions to strike and dismiss in this court. The court has already ruled on those motions in a 26-page order. (See Docket No. 48.) Only after Miller Mendel's motions were largely denied -- which decision came nearly three years following the filing of Guardian's complaint in this action -- did Miller Mendel seek transfer. Miller Mendel's decision to move for transfer of venue only after receiving an unfavorable result in this court has, at the very least, the appearance of forum shopping. As Miller Mendel stated in its own reply brief, "the attempt to avoid adverse rulings by switching forums is the 'hallmark of forum shopping.'" (Docket No. 59 at 6 (quoting Key Equip. Fin. v. Fed. Express Corp., No. 14-cv-7534, 2014 WL 12966963, at *7 (C.D. Cal. Dec. 18, 2014)).[2]

If it was prudent to transfer this action to the Western District of Oklahoma, surely Miller Mendel could have sought that relief prior to the filing of dispositive motions in

---

[2] Miller Mendel argues that Guardian's filing of this action in the Eastern District of California amounted to forum shopping. Even if that were the case, that would not cure the appearance of forum shopping underlying Miller Mendel's motion. If Miller Mendel was concerned about Guardian's alleged forum shopping, it could have moved to transfer venue during the years preceding its motions to dismiss and strike.

this court.  Indeed, Miller Mendel's motion to dismiss relied upon the first-to-file rule as a means of seeking dismissal of plaintiff's claims, but did not request transfer.  (See Docket No. 40 at 19.)  In that motion to dismiss, Miller Mendel also stated that they anticipated transfer of the Oklahoma Action to this court and did not express any opposition to that prospect at the time.  (See id. at 20.)  Miller Mendel filed the instant motion to transfer venue only after Guardian filed its own motion to transfer venue in the Oklahoma court.  (See Oklahoma Action, Docket No. 146.)  Miller Mendel has not pointed to any new developments in the Oklahoma Action that justify its decision to file a motion to transfer venue at this relatively late stage.

        In short, Miller Mendel's conduct of this litigation and its prior representations to this court give reason to doubt the motivation underlying Miller Mendel's motion to transfer venue, which has all the appearance of an attempt at forum shopping.  Accordingly, for the foregoing reasons of equity, the court declines the apply the first-to-file rule.  See Alltrade, 946 F.2d at 628.

        IT IS THEREFORE ORDERED that defendants' motion to transfer venue (Docket No. 54) be, and the same hereby is, DENIED.

Dated:  July 22, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6