1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12  GUARDIAN ALLIANCE TECHNOLOGIES,        No. 2:22-cv-01390 WBS AC
    INC.,
13
                Plaintiff,
14                                         MEMORANDUM AND ORDER RE:
         v.                                PLAINTIFF'S MOTION FOR
15                                         JUDGMENT ON THE PLEADINGS AND
    MILLER MENDEL, INC. and TYLER          DEFENDANT'S MOTION TO MODIFY
16  MILLER,                                THE SCHEDULING ORDER

17              Defendants.

18

19                          ----oo0oo----

20          Defendants Miller Mendel, Inc. and Tyler Miller

21  (collectively, "MMI") move to modify the scheduling order to

22  permit them to amend their answer.  As the most recent scheduling

23  order (Docket No. 64) did not supply a deadline for amending the

24  pleadings, Fed. R. Civ. P. 15 applies.  See Dhillon v. Princess

25  Cruise Lines, Ltd., No. 22-55125, 2023 WL 5696529 (9th Cir. Sept.

26  5, 2023); VIA Techs., Inc. v. ASUS Computer Int'l, No. 14-cv-

27  03585-BLF, 2017 WL 491172, at *1 (N.D. Cal. Feb. 7, 2017)

28  ("Where, as here, the Court's scheduling orders do not set a

                                    1

1    deadline for amendments to the pleadings, a motion for leave to

2    amend is evaluated under Rule 15."); Knudsen v. City & Cnt. Of

3    San Francisco, No. 12-cv-01944-JST, 2013 WL 6235507, at *1 n.1

4    (N.D. Cal. Dec. 2, 2013) ("Because the Court did not set a

5    deadline for amending the pleadings in the scheduling order it

6    issued . . . motions for leave to amend the pleadings are

7    governed by Federal Rule of Civil Procedure 15.").

8         As this court has often noted, "Federal Rule of Civil

9    Procedure 15 empowers parties to agree to amendments and

10   alternatively directs the court to freely grant leave to amend

11   'when justice so requires.'" Singh v. Lowe's Home Centers, LLC,

12   No. CV 2:18-445 WBS AC, 2018 WL 2155936 (E.D. Cal. May 10, 2018)

13   (citing Fed. R. Civ. P. 15(a)(2)). "Under Rule 15(a), there

14   exists a presumption in favor of granting leave to amend." Owens

15   v. Walgreen Co., No. CIV. 2:12-419 WBS, 2012 WL 2359996, at *1

16   (E.D. Cal. June 20, 2012) J.) (citing Eminence Capital, LLC v.

17   Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir. 2003)).

18        Courts will therefore generally grant leave to amend

19   unless amendment: (1) would cause prejudice to the opposing

20   party, (2) is sought in bad faith, (3) creates undue delay, or

21   (4) is futile. Id. GAT contends that allowing amendment would

22   cause them prejudice, and that MMI's amendments are futile. The

23   court is not persuaded by either argument.

24        "To overcome Rule 15(a)'s liberal policy favoring

25   leave, the prejudice to the opposing party must be

26   'substantial.'" Addaday, Inc. v. Artist International Co., No.

27   221CV05525ABPLAX, 2022 WL 16859889, at *4 (C.D. Cal. Aug. 25,

28   2022) (internal citation omitted). "No prejudice exists when an

1  amendment causes no delay in proceedings and no additional

2  discovery is required." Restoration Industry Ass'n Inc. v.

3  TheramaPure Inc., No. CV 13-8523 JVS, 2014 WL 12603210 (C.D. Cal.

4  Apr. 7, 2014) (citing Owens v. Kaiser Found. Health Plan, Inc.,

5  244 F. 3d 708, 712 (9th Cir. 2001)).  Here, MMI's proposed

6  amendments would cause neither undue delay nor additional

7  discovery, which is in its infancy.  At this early stage,

8  allowing amendment would thus be unlikely to prejudice GAT.

9       As to futility, GAT argues that "MMI's proposed

10  amendments incorporate legal conclusions, including that the

11  ordered combination of claim elements reflects an inventive

12  concept."  (Docket No. 71 at 13.)  MMI argues in response --

13  citing Aatrix Software, Inc. v. Green Shades Software, Inc., 882

14  F. 3d 1121 (Fed. Cir. 2018) -- that its proposed amendments

15  "contain[] allegations that . . . directly affect its patent

16  eligibility analysis" because they "plead specific factual

17  allegations that the asserted patent claims involve elements not

18  well-understood, routine, and conventional . . . to a skilled

19  artisan in the industry."  (Id.)

20       Denial on based on futility "is rare and courts

21  generally defer consideration of challenges to the merits of a

22  proposed amended pleading until after leave to amend is granted

23  and the amended pleading is filed." Duhn Oil Tool, Inc. v.

24  Cooper Cameron Corp., No. CV-F-05-1311 OWW GSA, 2010 WL 596312,

25  at *14 (E.D. Cal. Feb. 16, 2010).  "The better preferred

26  procedure is to allow amendment and permit the defendant to

27  challenge the pleadings with a motion to dismiss." Owens v.

28  Walgreen Co., No. CIV. 2:12-419 WBS, 2012 WL 2359996 (E.D. Cal.

1   June 20, 2012).

2           It would be premature at this stage of the proceeding

3   for the court conclude that MMI's amendments would be futile.  As

4   noted during oral argument, allowing factual development through

5   amendment is particularly pertinent in patent cases, which can

6   involve highly specialized and technical factual questions.  The

7   proposed paragraphs allege that the patent claims "recite, as a

8   whole, specific technological methods for managing pre-employment

9   background investigations," and go on to list several functions

10  attributable to the claim language which allegedly "reflect[] an

11  inventive concept."  (Docket No. 68 at 21.)  The Aatrix court

12  observed that determining "[w]hether the claim elements or the

13  claimed combination are well-understood, routine, and

14  conventional is a question of fact . . . [that] cannot be

15  answered adversely to the patentee" based on the undeveloped

16  record before it.  882 F. 3d at 1128.

17          The same is true here; the scant record before the

18  court does not unequivocally suggest that MMI's allegations are

19  futile, because those allegations, "if accepted as true," could

20  plausibly "establish that the claimed combination contains

21  inventive components and improves the workings of the computer."

22  Id. at 1125.

23          Because MMI's motion for leave to amend their answer

24  will be granted, plaintiff's motion for judgment on the pleadings

25  is moot as MMI's new amended pleading will supersede the old.

26          IT IS THEREFORE ORDERED that MMI's motion to modify the

27  scheduling order and for leave to amend their answer (Docket No.

28  68) be, and the same hereby is, GRANTED; and IT IS FURTHER

1 | ORDERED that GAT's motion for judgment on the pleadings (Docket
2 | No. 65) be, and the same hereby is, DENIED, without prejudice, as
3 | moot.  Defendants have twenty-one (21) days from the date of this
4 | Order to file their amended answer.
5 |
6 | Dated:  November 25, 2025
7 | WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

5