UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GUARDIAN ALLIANCE TECHNOLOGIES, INC.,

Plaintiff,

v.

MILLER MENDEL, INC. and TYLER MILLER,

Defendant.

No. 2:22-cv-01390 WBS AC

ORDER

----oo0oo----

Two court days before the court heard argument on plaintiff's motion for judgment on the pleadings -- which seeks declaratory judgment of invalidity of U.S. Patent No. 10,043,188 (the "'188 patent") -- defendants submitted a notice of filing of a purported "covenant not to sue regarding U.S. Patent No. 10,043,188." (Docket No. 123.) Defendants argued in the notice that the purported covenant not to sue strips the court of subject matter jurisdiction over plaintiff's claim for declaratory judgment of invalidity of the '188 patent. (Id. at

2.) Consistent with the court's admonition at oral argument on plaintiff's motion that defendants should have brought their argument in a separate motion to dismiss, defendants filed a motion to dismiss for lack of jurisdiction on October 14, 2026. (Docket No. 125.)

Defendants give no explanation for waiting until two court days before the hearing on plaintiff's motion to offer the purported covenant not to sue. Nevertheless, the court is mindful that "the objection that a federal court lacks subject-matter jurisdiction may be raised . . . at any stage in the litigation, even after trial and the entry of judgment." Wood v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)) (original alterations omitted). The court will accordingly not decide plaintiff's motion for judgment on the pleadings until defendants' motion to dismiss is fully briefed, heard and decided.

IT IS SO ORDERED.

Dated: October 19, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE